IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD TORRELL WASHINGTON,

       Petitioner,

v.                                      Civil Action No. 3:08CV98
                                      Criminal Action No. 3:06CR22

UNITED STATES OF AMERICA,        (CHIEF JUDGE BAILEY)

       Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED
BECAUSE DEFENDANT WAIVED THE RIGHT TO FILE
A COLLATERAL ATTACK INCLUDING A MOTION UNDER
28 U.S.C. § 2255 AND DENYING MOTIONS TO APPOINT
COUNSEL AND COMPEL**

**I. INTRODUCTION**

On June 9, 2008, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody.[1]  The Government filed its response

on July 16, 2008.[2]  Petitioner filed a Motion for Appointment of Counsel Pursuant to 18 U.S.C.

3006(A)[3] June 18, 2008 and a Motion to Compel[4] July 16, 2008.

**II. FACTS**

A.    **Conviction and Sentence**

On August 11, 2006, petitioner signed a plea agreement by which he agreed to plead

guilty to Count 1 of the indictment, possession with intent to distribute 1.33 grams of cocaine

---

[1] Docket No. 64.

[2] Docket No. 74.

[3] Docket No. 70.

[4] Docket No. 72.

base, in violation of Title 21 U.S.C. § 841(a)(1).  In the plea agreement, the parties stipulated and

agreed the total drug relevant conduct of petitioner was 3.97 grams of cocaine base.

Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence.

Specifically, the petitioner's plea agreement contained the following language regarding his

waiver:

> 10.     Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code Section 3742.  The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).  The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

On August 21, 2006, the petitioner entered his plea in open court.  Petitioner was 34 years

old and completed twelfth grade.  (Plea transcript pp. 4-5).  Petitioner stated he understood and

agreed with all the terms and conditions of the plea agreement. (Id. at 11).   The Court

specifically asked if petitioner understood the waiver of appellate and post-conviction relief

rights. (Id. at 11).  The Court asked petitioner's counsel if he believed petitioner understood the

waiver of appellate and post-conviction relief rights. (Id. at 11).  The Court then reviewed all the

rights petitioner was giving up by pleading guilty. (Id. at 17-19).  During the plea hearing, the

Government presented the testimony of Sergeant Ted Snyder, to establish a factual basis for the plea. (Id. at 19-21). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 1 of the indictment. (Id. at 22). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 21). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 22). The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 22). Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id. at 22).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 23). The petitioner did not object to the Court's finding.

On November 13 and 21, 2006, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 156 months imprisonment.

**B.**     **Appeal**

Petitioner filed an untimely notice of appeal January 8, 2007, but the Court granted petitioner's motion and extension of time to file his notice of appeal on April 19, 2007. On November 15, 2007, The Fourth Circuit Court of Appeals dismissed petitioner's appeal based upon his appellate waiver in paragraph ten of the plea agreement.

**C.**     <u>Federal Habeas Corpus</u>

Petitioner contends:

1)     he received ineffective assistance of counsel and appellate counsel;

2)     the Court violated <u>Apprendi</u> by failing to announce at the plea hearing the Court would impose a career criminal enhancement;

3)     his sentence is illegal because the Court imposed a career criminal enhancement outside the scope of the fifteen year statute of limitations;

4)     the plea agreement was illegal because the Court imposed a career criminal enhancement.

The Government contends petitioner's motion should be dismissed because petitioner waived his right to bring a motion pursuant to 28 U.S.C. § 2255.

**D.**     <u>Recommendation</u>

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

### III. <u>ANALYSIS</u>

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." <u>Id</u>. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Attar, 38 F.3d at 732 [holding it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations"].

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated the right to challenge a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel" are not waived by a general waiver of appeal rights contained in the plea agreement.  Attar, 38 F.3d at 732-33.  Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing are not barred by a general waiver-of appeal rights.

Several courts have distinguished IAC claims raised in a § 2255 case from those raised on direct appeal.  In Braxton v. United States, 358 F. Supp. 2d 497 (W.D.Va. 2005), the Court noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal.  Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F. Supp. 2d 489, 493 (E.D.Va. 2001)).  Nonetheless, the Court distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can

> be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought  in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' <u>United States v. White</u>, 307 F.3d 336, 344 (5th Cir. 2002).

<u>Braxton</u>, 358 F. Supp. 2d at 503.

The Court in <u>Braxton</u> further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in <u>Attar</u> and that the Fourth Circuit's holding in <u>United States v. Broughton-Jones</u>, 71 F.3d 1143,1147 (4th Cir. 1995) also supports such a distinction.  <u>Braxton</u>, 358 F. Supp. 2d at 503, n. 2.  Finally, the <u>Braxton</u> Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable."  <u>Id.</u> at 503. (collecting cases).

The recent unpublished decision <u>United States v. Morris</u>, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights.  Similarly here, the district court conducted a thorough  Rule 11 colloquy.  The only reasonable conclusion is petitioner waived the right to collaterally attack the guilty plea.

8

## IV.  Other Matters

A.      Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006(A)

The authority for the Court to appoint counsel in a § 2255 action is discretionary and there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987).

A Court may appoint counsel to a financially eligible person if justice so requires in a § 2255 action.  See 28 U.S.C. § 3006A.  Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18l U.S.C. § 3006A, is only required in a § 2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required.  See Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts.  Upon review of the file, the undersigned concludes that the issues in this matter are not complex, that this matter does not require discovery or an evidentiary hearing, and that the petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel.  Accordingly, the petitioner's motion for appointment of counsel is **DENIED**.

B.      Motion to Compel

This motion sought the relief requested in the § 2255 petition because the Government failed to respond to the petition within thirty (30) days as directed by the Court. The order directing the Government to respond was served June 13, 2008 by email.  Thirty (30) days would be July 13, 2008.  Fed.R.Civ.P. 6(d) provides an additional three (3) days of service made under Rule 5(b)(2)(E) by electronic means.

Finally, Fed.R.Civ.P. 55(d) provides a default judgment can only be entered against the United States if the claimant, by evidence that establishes a right to relief that

satisfies the Court. Petitioner has provided no such evidence. See <u>Vandevender v. United States</u>, 2008 WL 725135 @ *6 (N.D.W.Va. 2008). Motion to Compel **DENIED**.

**V. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief Judge, United States District Court. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: August 26, 2008

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE